UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

ALIDA GRANATA,

    Plaintiff,

v.

NCL (BAHAMAS) LTD., a Bermuda
corporation d/b/a NORWEGIAN
CRUISE LINES,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff ALIDA GRANATA, a New Jersey citizen and resident, sues Defendant NCL (BAHAMAS) LTD., a Bermuda corporation with its principal place of business in Florida, doing business as NORWEGIAN CRUISE LINES, and alleges:

## JURISDICTION, VENUE AND PARTIES

1.    This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2.    Plaintiff ALIDA GRANATA is sui juris and is a resident and citizen of the State of New Jersey.

3.    Defendant NCL (BAHAMAS) LTD. is a Bermuda corporation with its principal place of business in Miami, Miami-Dade County, Florida. At all material times Defendant NCL (BAHAMAS) LTD. has done business under the fictitious name "NORWEGIAN CRUISE LINES." For federal jurisdictional purposes, Defendant NCL (BAHAMAS) LTD. is both a citizen of Bermuda and a citizen of Florida.

GRANATA v. NCL

4. Subject matter jurisdiction exists pursuant to 28 U.S.C. §1332 based on diversity jurisdiction as the parties are residents of different states and the amount in controversy is in excess of $75,000 exclusive of fees and costs.

5. At all material times, Defendant has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction over the Defendant exists in the United States District Court for the Southern District of Florida.

6. At all material times, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

7. In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against the Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

8. Venue is also proper in this district because the Defendant's principal places of business are located within this district.

9. Plaintiff has complied with all conditions precedent to bringing this action. The Plaintiff reported the accident to the ship's medical crew shortly after it occurred, and an incident report and written medical records were prepared onboard the ship. Furthermore, the Plaintiff gave the Defendant a timely written notice of claim as required by the ticket contract.

**LIABILITY AND DAMAGE ALLEGATIONS APPLICABLE TO ALL COUNTS**

Case 1:21-cv-22728-KMW   Document 1   Entered on FLSD Docket 07/27/2021   Page 3 of 7

GRANATA v. NCL

10. At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the M/S "NORWEGIAN STAR."

11. At all material times, including the accident date of September 8, 2019, the Plaintiff was a fare paying passenger aboard the M/S NORWEGIAN STAR and in that capacity was lawfully present aboard the vessel.

12. On or about September 8, 2019, as the Plaintiff was attempting to ascend a ramp in the "Versaille Dining Room", she tripped and fell on an uneven or misleveled section of the ramp with damaged caution tape.

13. As a direct and proximate result of the fall described above, the Plaintiff was injured in and about her body and extremities, and she suffered pain therefrom, sustained mental anguish, sustained disfigurement, disability and the inability to lead a normal life, as well as the aggravation or activation of pre-existing medical conditions. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses as a result of her injuries. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

## COUNT I – NEGLIGENT MAINTENANCE

14. The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-14 above.

15. At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

take reasonable steps to maintain the dining room where Plaintiff fell in a reasonably safe condition.

16. At all material times the surface where the Plaintiff fell was in a high traffic area specifically designated to provide access to the dining room for cruise ship passengers and was in a condition dangerous to passengers entering and leaving the ship, including the Plaintiff, due to its being uneven and or unleveled with damaged caution tape.

17. At all material times, the Defendant owed a duty to maintain the gangway in a safe condition in order to prevent the surface from being uneven or unleveled, including a duty regularly to inspect the gangway for misleveled or uneven conditions and timely to correct those conditions once detected.

18. At all material times the Defendant knew or should in the exercise of reasonable care have known of the need to maintain the gangway in a safely even or leveled condition and knew or in the exercise of reasonable care should have known of the trip and fall risks to passengers boarding the vessel, such as the Plaintiff, created by misleveling or unevenness of the ramps. The Defendant's actual or constructive knowledge was derived from prior trip and fall instances on uneven or misleveled ramps, industry standards regarding ramps, or other sources of knowledge. Further, the presence of damaged caution tape is indicative of constructive notice.

19. Notwithstanding Defendant's actual or constructive knowledge of the dangerous condition of the ramp where Plaintiff fell, the Defendant failed before the time of the Plaintiff's injury to take reasonable measures to maintain the ramp in a reasonably safe condition and thereby to correct the dangerous misleveled or uneven condition of the ramp. The Defendant

GRANATA v. NCL

thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

21. As a direct and proximate result of the Defendant's negligence as described above the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 13 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## COUNT II – NEGLIGENT FAILURE TO WARN

22. The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-14 above.

23. At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to warn passengers including the Plaintiff adequately of any trip and fall risks created by the condition of the ramp, including unevenness or misleveling of the ramp, in order to ensure safe embarkation and disembarkation for passengers including the Plaintiff.

24. At all material times the gangway surface where the Plaintiff fell was in a high traffic area specifically designated for ingress and egress of cruise ship passengers and was in a condition dangerous to passengers using it, including the Plaintiff, due to its being uneven and or unleveled.

25. At all material times the Defendant knew or should in the exercise of reasonable care have known of the trip and fall risks to passengers boarding the vessel, such as the Plaintiff, created by misleveling or unevenness of the gangway surface. The Defendant's actual or

constructive knowledge was derived from prior trip and fall instances on uneven or misleveled gangways, industry standards regarding gangways, or other sources of knowledge. Additionally, the presence of the damaged caution tape is indicative of constructive notice.

26. Notwithstanding Defendant's actual or constructive knowledge of the dangerous condition of the gangway where Plaintiff fell, the Defendant failed before the time of the Plaintiff's injury to take reasonable measures adequately to warn the Plaintiff of the dangerous misleveled or uneven condition of the gangway through adequate signage, oral warnings, or otherwise and was thereby negligent.

27. As a direct and proximate result of the Defendant's negligence as described above the Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 13 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 27th day of July, 2021.

                                        *s/David Markel*
                                        PHILIP M. GERSON
                                        Florida Bar No. 127290
                                        pgerson@gslawusa.com
                                        NICHOLAS I. GERSON
                                        Bar Number No. 0020899
                                        ngerson@gslawusa.com
                                        EDWARD S. SCHWARTZ
                                        Florida Bar No. 346721
                                        eschwartz@gslawusa.com
                                        DAVID MARKEL
                                        Florida Bar No. 78306

6

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

GRANATA v. NCL

>dmarkel@gslawusa.com
>JARED ROSS
>Florida Bar No. 0083857
>jross@gslawusa.com
>GERSON & SCHWARTZ, P.A.
>1980 Coral Way
>Miami, Florida 33145
>Telephone:   (305) 371-6000
>Facsimile:   (305) 371-5749
>Attorneys for Plaintiffs